# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

VINCENT H. SMALL, )
)
           Petitioner, )
)
v. )   No. CIV 22-098-RAW-KEW
)
WILLIAM "CHRIS" RANKINS, )
Warden, )
)
           Respondent. )

## OPINION AND ORDER

    This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. 12). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. He is attacking his conviction and sentence in Sequoyah County District Court Case No. CF-2019-155 for Lewd Molestation, After Former Conviction of Two or More Felonies. Petitioner has not filed a response to the motion to dismiss.

    Petitioner raises the following grounds for habeas relief:

I.    On or around November 11, 2019, a posting on the Sequoyah County Court website stated he had failed to appear in this case and was tried and found guilty. No correction was made, and the posting "poisoned the well worldwide" because of the public's response to the charge.

II.    A text message, allegedly sent to Debra Siebert's phone, was allowed into evidence.

III.    A jury instruction for lesser-included offenses was given to the sequestered jury after the State and the defense had rested.

IV.    The video of the victims' statements were made and edited by a child advocacy service.

(Dkt. 1 at 7-8 ¶ 13).

    Petitioner also asserts he is challenging (1) constitutional violations of ineffective

assistance of appellate counsel, (2) insufficient evidence to sustain conviction, and (3) excessive sentence" (Dkt. 1 at 2 ¶ 5), although these claims are not specifically alleged as grounds for habeas relief (Dkt. 1 at 7-8 ¶ 13). Petitioner explains he did not raise these claims in his appeal as follows: "I made every effort to have these issue[s] included in direct appeal. I wrote my lawyer 6 letters, court clerk 5, ACLU one. No response from lawyer until I received his completed and filed brief." (Dkt. 1 at 9 ¶ 14; Dkt. 1 at 3 ¶ 8(b)). Petitioner further alleges, "I'm still in time for filing second appeal and I pray to have my issues looked into by this Court as I've been denied due process through no fault of my own." (Dkt. 1 at 4 ¶ 9(b)).

**Exhaustion of State Remedies**

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that a jury convicted Petitioner of Lewd Molestation, and the trial

court sentenced him to life imprisonment in accordance with the jury's recommendation. (Dkt.13-1 at 1). Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals (OCCA), raising one proposition of error, that "the evidence presented at trial was insufficient to convict Mr. Small of the charged crime." (Dkt. 13-2 at 7). The OCCA rejected Petitioner's argument and affirmed his judgment by summary opinion in *Small v. State*, F-2020-158 (Okla. Crim. App. May 6, 2021). (Dkt. 13-1). Petitioner has not filed an application for post-conviction relief in the state court. (Dkt. 1 at ¶ 8(b)); *see also* Oklahoma State Courts Network at https:// www.oscn.net, Docket for Sequoyah County District Court Case No. CF-2019-155).

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners to 'exhaus[t] the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn v. Ramirez*, __ U.S. __, 142 S.Ct. 1718, 1724 (2022). This requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion doctrine expresses a policy of federal-state comity. Its purpose is to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted).

If Petitioner's habeas petition is read to assert only the four grounds for relief set forth in Paragraph 13 of the petition, then none of Petitioner's claims have been exhausted in state court. If the petition is read to include claims of ineffective assistance of appellate counsel, insufficiency of the evidence, and an excessive sentence as set forth in Paragraph 5, then the petition contains both exhausted and unexhausted claims. The Court construes the petition liberally and considers the seven claims in Paragraphs 5 and 13 as Petitioner's grounds for

3

habeas corpus relief.  *See Haines v. Kerner*, 404 U.S. 519 (1972).

A petition that contains both exhausted and unexhausted claims is considered a "mixed petition."  *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).  A district court has four ways to dispose of a mixed petition: (1) dismiss the petition without prejudice to permit the petitioner to exhaust his state remedies; (2) deny the petition on its merits; (3) permit the petitioner the opportunity to delete unexhausted claims from the petition and proceed only on the exhausted claim; or (4) "if the equities favor such an approach," stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims.  *Id*.  The fourth option, a stay and abeyance, is appropriate only where the petitioner shows "good cause for his failure to exhaust," that his unexhausted claims are potentially meritorious, and that he engaged in "no dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Kell v. Benzon*, 925 F.3d 448, 451 (10th Cir. 2019).

After careful review, the Court finds Petitioner cannot show that at the time he filed his habeas petition, he had "no available state avenue of redress."  *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citing *Anderson v. Harless*, 459 U.S. 4, 8 (1982)).  Post-conviction review affords criminal defendants in Oklahoma the opportunity to challenge their convictions by raising claims that could not reasonably have been raised on direct appeal, including claims of ineffective assistance of appellate counsel.  *See, e.g., Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013); *see also* Okla. Stat. tit. 22, §§ 1080, 1080.1, 1086.[1]  Here, Petitioner alleges he made numerous attempts to have additional issues

---

[1] Oklahoma's Post-Conviction Procedure Act recently was amended to initiate a one-year period of limitation to file for post-conviction relief.  *See* Act of May 2, 2022, ch. 144, sec. 2, § 1080.1, 2022 OKLA. SESS. LAW SERV. (West).  The amendment was effective on November 1, 2022.  *Id*. sec. 5.

raised in his direct appeal (Dkt. 1 at 3 ¶ 8(b)); Dkt. 1 at 9 ¶ 14), however, he apparently made no attempts to raise claims in a post-conviction application, and he makes no claim of futility under 28 U.S.C. § 2254(b)(1)(B). The Court thus finds he has not shown good cause for his failure to exhaust, and a stay and abeyance is not warranted.

Petitioner's options for proceeding with this action are to (1) dismiss this action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claims and continue with the exhausted claim concerning the sufficiency of the evidence, or (3) continue this case with all claims, with the knowledge that this Court will dismiss the petition for failure to exhaust all state court remedies.

Petitioner is granted fourteen (14) days to advise the Court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the Court in this Order will result in dismissal of this entire action without further notice.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 12) is DENIED. Petitioner is directed to advise the Court of his intentions for proceeding in this case within fourteen (14) days by filing an appropriate pleading as set forth above.

**IT IS SO ORDERED** this 8th day of February 2023.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma