IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

VINCENT H. SMALL,

    **Petitioner,**

v.                                   Case No. 22-CV-098-RAW-DES

WILLIAM RANKINS,

    **Respondent.**

## OPINION AND ORDER

Petitioner Vincent H. Small, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Sequoyah County, Oklahoma, Case No. CF-2019-155. Dkt. No. 19. Respondent William Rankins has filed a response [Dkt. No. 21] in opposition to the amended petition, as well as the state-court record [Dkt. No. 22], and Petitioner has replied [Dkt. No. 23]. Having considered the parties' arguments and the relevant record, the Court denies the amended petition.

I.    BACKGROUND

Petitioner was charged by Amended Information with lewd molestation, in violation of Okla. Stat. tit. 21, § 1123, for "knowingly and intentionally, for the purpose of sexual gratification, . . . exposing, causing, or forcing a child to look upon the body or private parts of another person in a lewd and lascivious manner by pulling his penis out of his pants and rubbing it in front of A.C. and J.S., when A.C. and J.S. were under the age of 16 years old and the [Petitioner] was at least 3 years older than the victims." Dkt. No. 22-3, at 49;[1] *see* Okla. Stat. tit. 21, § 1123(A)(5)(c). Petitioner was found guilty by a jury in 2020 of committing the offense after two or more felony

---

[1] The Court's citations refer to the CM/ECF header pagination.

convictions and was sentenced to life imprisonment. Dkt. No. 22-4, at 29-30.

Petitioner directly appealed his judgment and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), arguing as his sole ground for relief that the State presented insufficient evidence at trial to support his conviction. Dkt. No. 21-2. The OCCA affirmed the judgment and sentence in a Summary Opinion issued May 6, 2021. Dkt. No. 21-1. Petitioner now seeks federal habeas relief on his claim.

## II.     LEGAL STANDARD

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). When a claim has been "adjudicated on the merits in State court proceedings," federal habeas relief may be granted under the AEDPA only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of the [Supreme] Court's decisions as of the time of the relevant state-court decision." *Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (alteration and internal quotation marks omitted). A state-court decision is "contrary to" clearly established federal law if the conclusion is "opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Id.* (alterations and internal quotation marks omitted). A state-court decision is an "unreasonable application" of clearly established federal law if the "state court identifies the correct governing legal principle from the

[Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (alteration and internal quotation marks omitted). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico*, 559 U.S. at 773 (citations and internal quotation marks omitted) (emphases in original). Further, a state-court's "determination of a factual issue . . . shall be presumed to be correct," unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

III.   DISCUSSION

Petitioner contends, as he did on direct appeal, that the State presented insufficient evidence to support his conviction. Dkt. No. 19, at 4. He argues that the victims, J.S. and A.C., gave "entirely different stories" of the incident and that their trial testimony was "vastly contradictory" to their pretrial statements. *Id.* When reviewing the sufficiency of the evidence supporting a state criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Court "consider[s] all of the evidence, direct and circumstantial, along with reasonable inferences," but does not "weigh the evidence or consider the relative credibility of witnesses." *United States v. Griffith*, 928 F.3d 855, 868-69 (10th Cir. 2019) (internal quotation marks omitted).

On direct appeal, the OCCA reviewed Petitioner's challenge to the sufficiency of the evidence under the standard articulated in *Jackson v. Virginia* and denied the claim:

> In his only proposition of error, Appellant argues that the State's evidence was insufficient to prove that he purposefully made J.S. and A.C. view his penis or his

3

sex act for his sexual gratification. This Court follows the standard for the determination of the sufficiency of the evidence which the United States Supreme Court set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. Under this test, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Easlick*, 2004 OK CR 21, ¶ 5, 90 P.3d at 558; *Spuehler*, 1985 OK CR 132, ¶ 7, 709 P.2d at 203-04. "A reviewing court must accept all reasons, inferences, and credibility choices that tend to support the verdict." *Taylor v. State*, 2011 OK CR 8, ¶ 13, 248 P.3d 362, 368.

Appellant was charged with having violated 21 O.S.Supp.2018, § 1123(A)(5)(c). The jury received the following instruction setting forth the elements the State had to prove beyond a reasonable doubt:
    First, the defendant knowingly and intentionally;
    Second, in a lewd and lascivious manner;
    Third, for the purpose of sexual gratification;
    Fourth, caused/exposed a child under sixteen years of age;
    Fifth, to look upon the body/private parts of another person/sexual acts performed in the presence of the child; and
    Sixth, the defendant was at least three years older than the child.
Instruction No. 4-129, OUJI-CR (2d). Appellant takes issue with the third, fourth and fifth elements, claiming the State insufficiently proved that he "intentionally made [the victims] view his penis or his sex act . . . for his sexual gratification." He alleges the victims' statements were inconsistent with their trial testimony to support his contention [sic].

"The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary." *Davis v. State*, 2011 OK CR 29, ¶ 83, 268 P.3d 86, 112-13. "In reviewing sufficiency of the evidence claims, this Court does not reweigh conflicting evidence or second-guess the decision of the fact-finder; we accept all reasonable inferences and credibility choices that tend to support the verdict." *Fuston v. State*, 2020 OK CR 4, ¶ 92, 470 P.3d 306, 327-28.

In this case, the jury heard the testimony of the two victims and found their testimony credible despite the minor inconsistencies pointed out on cross-examination. The girls were clear and consistent that Appellant unzipped his pants, took out his penis, partially covered it with his shirt and rubbed it, all while sitting on the living room couch right by them. Clearly, he took out his penis intentionally. As for Appellant's specious claim that the evidence failed to prove he made the girls look at him masturbate for his own sexual gratification, what other possible reason could there be for him to masturbate in front of two eleven year old girls? Appellant's post-offense text message to Seibert shows his consciousness of guilt

and admission that he masturbated in front of the two girls, despite his protestation that no one was meant to see what he was doing. Finally, Appellant immediately fled from Seibert's home after the girls left the living room to tell Seibert what happened. "A defendant's post-offense conduct is relevant if it tends in any degree to show consciousness of guilt . . ." *Dodd v. State*, 2004 OK CR 31, ¶ 36, 100 P.3d 1017, 1031. The record shows Appellant's conviction is supported by sufficient evidence.

Dkt. No. 21-1, at 1-5.

Petitioner has not shown that the OCCA's rejection of his challenge to the sufficiency of the evidence was "contrary to" or "an unreasonable application of" clearly established federal law, or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The OCCA correctly identified the *Jackson* standard as the governing legal principle and reasonably applied that principle in determining that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

As noted by the OCCA, the jury was presented with ample evidence supporting Petitioner's conviction. Both J.S. and A.C. testified at trial that Petitioner removed his penis from his pants, partially covered it with his shirt, and rubbed it with his hand, all while sitting next to J.S. and across from A.C. Dkt. No. 22-1, at 61-63, 82-83; Dkt. No. 22-2, at 1. J.S.'s grandmother testified that J.S. and A.C. were "really upset" and "about to cry" directly following the incident when they told her what had occurred. Dkt. No. 22-1, at 9. J.S.'s grandmother further testified that when she went to the living room to confront Petitioner, he was gone, and she later received a text message from Petitioner stating, "After all I've done to help you and your family, now you drop something like this on me because something someone saw that they weren't ever meant to see." *Id.* at 9-12. The jury heard testimony that the investigation did not uncover any motive for the victims to fabricate the story. Dkt. No. 22-2, at 19. Both victims testified that they had no reason to like or

5

dislike Petitioner, prior to the incident, as J.S. had only met Petitioner on one other occasion and A.C. had not met him before that date. Dkt. No. 22-1, at 65; Dkt. No. 22-2, at 3-4.

Petitioner argues that inconsistencies in the victims' statements preclude the jury's finding of guilt beyond a reasonable doubt. He asserts that J.S. testified she and A.C. did not discuss the case prior to trial, while A.C. testified they had discussed the case two or three times. Dkt. No. 19, at 4; *see* Dkt. No. 21-1, at 75-76; Dkt. No. 22-2, at 11-12. He further asserts that A.C. stated in a forensic interview that Petitioner initially exposed himself in the kitchen while playing darts, then testified at trial that Petitioner only exposed himself in the living room. Dkt. No. 19, at 4; *see* Dkt. No. 22-2, at 8-9. Yet, any inconsistencies in the victims' testimony speak to witness credibility, and "it is axiomatic that the responsibility of adjudging the child[ren]'s credibility belonged to the trier of fact, not to us." *Parker v. Scott*, 394 F.3d 1302, 1315 (10th Cir. 2005) (explaining that the jury is in a position to weigh inconsistencies in a child's testimony "in light of her age and the passage of time"); *see Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) ("The Court may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must 'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993))).

The Court concurs with the OCCA that, in light of the trial record as a whole, and viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of lewd molestation beyond a reasonable doubt. Both J.S. and A.C. "testified in detail regarding [their] allegations and gave explicit descriptions of the incident[]." *Parker*, 394 F.3d at 1315. Their testimony was supported by that of J.C.'s grandmother, and Petitioner's guilt was further supported by evidence of his conduct following the incident. The jury found J.S. and A.C. credible despite "careful cross-examination by [Petitioner's] trial counsel"

6

regarding the putative inconsistencies, and this credibility determination was not unreasonable in light of all the evidence. *See, e.g.*, Dkt. No. 21-1, at 27, 59, 81-82 (testimony describing the kitchen and living room as open to one another); *id.* at 76 (J.C.'s testimony clarifying that she and A.C. did speak with one another about the incident, but not before speaking with the State's counsel); *see also* Dkt. No. 21, at 5 (Respondent citing State's Ex. 4 and arguing that "[a]lthough A.C. initially disclosed that Petitioner exposed himself in the same breath that she described playing darts and Petitioner's compliments, later in the interview A.C. made clear that they had played darts and Petitioner had complimented her *before* he exposed himself on the couch").

Accordingly, the Court determines that the OCCA reasonably concluded that a rational jury could have found sufficient evidence of guilt. Habeas relief therefore is not warranted on this claim.

IV. CONCLUSION

Based on the foregoing, the Court denies the amended petition for a writ of habeas corpus [Dkt. No. 19]. Under Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that the requisite standard has not been met in this case and therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the amended petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody [Dkt. No. 19] is **denied**;

2. the original petition [Dkt. No. 1] is **denied** as moot;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 5th day of June, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE